THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF SEATTLE, et al.,<br><br>                    Defendants. | CASE NO. C15-1039-JCC<br><br>ORDER DENYING GROUND SUPPORT'S MOTION FOR SUMMARY JUDGMENT |
| CITY OF SEATTLE,<br><br>                    Third Party Plaintiff,<br><br>     v.<br><br>MALCOLM DRILLING CORPORATION, INC.<br><br>                    Third Part Defendant. | |

This matter comes before the Court on Defendant Ground Support's motion for summary judgment (Dkt. No. 57). Ground Support originally filed its motion under Fed. R. Civ. P. 12(b)(6) as a motion to dismiss for failure to state a claim. (*See id.* at 4.) However, both parties have produced material outside of the pleadings, which has converted this motion to a motion for

summary judgment governed by Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). Ground Support and Plaintiff agree. (Dkt. No. 66 at 1 n.1; Dkt. No. 65 at 7.) Therefore, for purposes of this Order, the motion to dismiss (Dkt. No. 57) will be referred to and treated as a motion for summary judgment. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

### A. The Parties and the Disputed Governing Agreements

This dispute arises out of a subcontractor agreement. On January 23, 2012, Rushforth Construction Company, Inc. entered into a contract with 975 John Street, LLC (Owner) as a general contractor to construct the John Street Apartments (the project) in Seattle, Washington. (Dkt. No. 54 at ¶ 3.1.) Rushforth then contracted with Malcolm Drilling, Inc., a third-party defendant in this case, to furnish labor and materials to perform the bank shoring and underpinning work on the project. (*Id.*) Malcolm carried general liability insurance and added Rushforth and the Owner as "Additional Insureds" to its Liberty Mutual Fire Insurance Company policy. (*Id.* at ¶ 3.3.) Liberty Mutual is the plaintiff in this case.

Malcolm then contracted with Ground Support, the moving party, in August 2011 to create a shoring plan for the project. (*Id.* at ¶ 3.8.) The plan "was subject to a Master Agreement." (*Id.* at ¶ 9.2) On November 8, 2011, Malcolm issued a Purchase Order for the shoring design for the project. (*Id.*) Plaintiff alleges that the Purchase Order required Ground Support "to warrant that its work be free from defects and that the work be fit and sufficient for the purposes intended." (*Id.* at ¶ 9.3) Plaintiff also alleges that the "Master Agreement and Purchase Order further required that Ground Support indemnify Malcolm . . . against all liability, loss and damage . . . sustained by reason of Ground Support's work." (*Id.*)

Plaintiff alleges that no document entitled "Master Agreement" was found within Malcolm's records (Dkt. No. 65-3 at 2), the August 2011 proposal did not contain a Master

1 Agreement (*id.*), and the August 2011 proposal was not signed by Malcolm (Dkt. No. 65-1 at
2 35). However, Ground Support alleges that the parties have been operating pursuant to the
3 Master Agreement since early 1999. (Dkt. No. 67 at 3.) Ground Support has provided
4 documentation that Malcolm signed multiple previous and subsequent Master Agreements. (Dkt
5 No. 70-1 at 3, 6, 13, and 20.)[1] Given this history, Ground Support alleges it does not always
6 "attach the Master Agreement to [their] proposals" nor does it "require a signed proposal to be
7 returned by Malcolm before performing [its] services." (*Id.* at 4.) The Master Agreement
8 contains a Limitation of Remedies clause that provides a one year time period from the
9 substantial completion of Ground Support's services to bring a claim arising out of Ground
10 Support's services. (Dkt. No. 58-1 at 8.) The Master Agreement also contains an express
11 disclaimer of any warranties made in connection with Ground Support's services. (*Id.* at 2.)

12 Ground Support alleges that it never received the Purchase Order (Dkt. No. 58 at 2), does
13 not perform work subject to Purchase Orders from Malcolm (*id.*), and would have never
14 accepted the terms (Dkt No. 67 at 4.)[2] Plaintiff alleges that the Purchase Order included terms
15 and conditions that required Ground Support to warrant its work and indemnify Malcolm for
16 claims arising out of it. (Dkt. No. 65-3 at 9.) The Purchase Order does not contain a one year
17 limitation period. Plaintiff also alleges that the check sent to and cashed by Ground Support

---

[1] In a surreply, Plaintiff argues that this "new testimony" and "new evidence" in Ground Support's errata (Dkt. Nos. 70 and 70-1) is prejudicial because Plaintiff is unable to respond. (Dkt. No. 71 at 2–3.) However, under Local Civil Rule 7(m), if an error is discovered, a party may file a praecipe with the new documents to support a previous filing which sets forth "why the document was not included with the original filing." Ground Support alleges that "counsel did not have access to these documents at the time of filing as the Ground Support employee custodian of these documents was out of the office." (Dkt. No. 70 at 2.) Although the new documents were filed as an "errata" not a praecipe, the Court will consider them as a correction to the docket. There is no prejudice to Plaintiff because the documents are responsive to Plaintiff's opposition argument. Plaintiff's request to strike the documents is denied.

[2] Again in its surreply, Plaintiff argues that Ground Support "argues for the first time that the Purchase Order was not valid, [and] offers new testimony contending Ground Support never received the Purchase Order" and the lack of opportunity to respond is prejudicial to Plaintiff. (Dkt. No. 71 at 3.) However, Ground Support contends in a declaration to its motion that it "never received a purchase order from Malcolm." (Dkt. No. 58 at 2.) Moreover, Ground Support's argument in its reply is responsive to Plaintiff's opposition argument that the Purchase Order applies. Plaintiff's request to strike the argument is denied because there is no prejudice.

ORDER DENYING GROUND SUPPORT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 3

1  referenced the Purchase Order. (Dkt. No. 65 at 6.) The check produced by Plaintiff includes the
2  same Purchase Order number as was on the original Purchase Order also produced. (Dkt. No. 65-
3  3 at 12.) However, the exhibit appears to be multiple documents with different dates, and does
4  not indicate that the Purchase Order terms and conditions were included with the check. None of
5  Plaintiff's exhibits or declarations indicate that the Purchase Order itself was transmitted to
6  Defendant, although the Purchase Order has Defendant's address listed. (*See* Dkt. No. 65-3 at 8.)

7      **B.**    **The Shoring Plan**

8      To complete the shoring plan in its August 2011 proposal, part of Ground Support's
9  duties were to identify where city sewer lines were located within the shoring plan site. (Dkt. No.
10 67 at 2.) To do so, Ground Support obtained the City of Seattle 1926 Sewer Card (the Card). The
11 Card did not show alterations the City of Seattle, a Defendant in this case, had made to the
12 location of the sewer lines in the project area. (Dkt. No. 54 at ¶ 3.20; Dkt. No. 67 at 2.) Ground
13 Support did not include the location of the sewer lines shown on the Card in its shoring plan
14 because it believed that the line was substantially beneath the elevation at which its shoring
15 design would require drilling by Malcolm. (Dkt. No. 67 at 3.) Further, Ground Support was not
16 aware of any other sewer cards that superseded the Card. (Dkt. No. 65-1 at 25.)

17     Between April 26, 2012, and May 1, 2012, Malcolm performed a shoring plan in
18 accordance with Ground Support's plan. (Dkt. No. 54 at ¶ 3.9.). During the work, the
19 underground main sewer line was struck and damaged. (*Id.*) However, Plaintiff alleges that the
20 damage was not discovered until the Seattle Times Building, affected by the same sewer line,
21 experienced backups. (*Id.* at ¶ 3.10.) The cause of the damages, Malcolm's drilling, was not
22 determined until approximately October 2012. (*Id.*) H5 Capital, the owner of the Seattle Times
23 Building, began to make repairs to the sewer line in November 2012. (*Id.* at ¶ 3.11.) During the
24 repairs, grout infiltrated the City's main sewer line. (*Id.*) The City refused to make repairs to the
25 main sewer line upon Rushforth's request. (*Id.* at ¶ 3.12.) Therefore, Rushforth paid for the
26 design and repair of the main sewer line, totaling $638,736 in costs. (*Id.* at ¶ 3.13-3.14.) Plaintiff

indemnified Rushforth and became subrogated to Rushforth's rights against the Defendants in this action. (*Id.* at ¶ 3.15; Dkt. No. 65-1 at 2.) Rushforth also assigned all of its rights against any party related to the main sewer line damage to Plaintiff. (*Id.*) Plaintiff alleges that by way of payment, Plaintiff also indemnified Malcolm and became subrogated to Malcolm's rights against Defendants in this action. (Dkt. No. 54 at ¶ 3.15.)

On July 8, 2016, Plaintiff filed an amended complaint to include Ground Support as a defendant. (Dkt. No. 54.)  Plaintiff filed two causes of actions against Ground Support: negligence and warranty and contractual indemnification. (*Id.* at 10–11.) Plaintiff alleges that Ground Support was negligent in its preparation of the shoring plan (*id.* at 10) and did not inform Malcolm that it failed to depict the outdated location of the sewer line on the shoring plan until February 2014 (Dkt. No. 65-1 at 2–3). Plaintiff further alleges that it is entitled to "indemnification from Ground Support under the terms of the Master Agreement and/or the Purchase Order." (*Id.* at ¶ 9.5.) On August 3, 2016, Ground Support filed a motion for summary judgment. (Dkt. No. 57.)

## II. DISCUSSION

### A. Fed. R. Civ. P. 56 Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn there from in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*,

477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Negligence

The parties dispute when the negligence cause of action accrued. In Washington, negligence claims are subject to the three-year statute of limitations. Wash. Rev. Code. § 4.16.080. "[A] cause of action in a negligence case accrues when a plaintiff discovers or reasonably should have discovered the essential elements of negligence, *i.e.*, duty, breach, causation and damages." *Reichelt v. Johns-Manville Corp.*, 733 P.2d 530, 534 (Wash. 1987) (en banc) (citing *Ohler v. Tacoma Gen. Hosp.*, 598 P.2d 1358, 1360 (Wash. 1979) (en banc) (overruled on other grounds)). The question of whether a plaintiff exercised reasonable diligence is a question of fact. *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1308 (9th Cir. 1992) (citing *Timmel v. Moss,* 803 F.2d 519, 521 (9th Cir.1986)). Plaintiff's reasonableness is only a question of law when the evidence establishes "beyond dispute" that the plaintiff has failed to bring the action within the statute of limitations. *See Timmel*, 803 F.2d at 521 (citations omitted).

Here, Plaintiff alleges that the negligence action against Ground Support was not reasonably discoverable until June 2016 because that is when Plaintiff learned, based on Ground Support's document production, that Ground Support had failed to include the sewer line in the shoring plan. (Dkt. No. 65-1 at 2.) However, Ground Support alleges that the discovery date is in fact October 2012 because that is when the damage to the main sewer line was discovered. (Dkt. No. 57 at 5.) If Ground Support is correct, the negligence claim is time barred. However, the reasonableness of these assertions is a question of fact for the jury because the evidence does not

establish beyond dispute that the action accrued in October 2012. Therefore, Ground Support's motion for summary judgment on the negligence claim is DENIED.[3]

### C. Indemnification

In order to determine if Ground Support's motion for summary judgment on the indemnification claim should be granted, the Court must first determine which agreement, the Master Agreement or Purchase Order, governs the dispute. The issue arises out of the fact that Plaintiff alleges it never received the Master Agreement in this instance (Dkt. No. 65-3 at 2) and Ground Support alleges it never received the Purchase Order (Dkt. No. 58 at 2). If the Master Agreement governs, the indemnification claim would be time barred because it was not brought within a year of Ground Support substantially completing its work in May 2012.

An enforceable contract requires mutual assent, which generally takes the form of offer and acceptance. *Hansen v. Transworld Wireless TV-Spokane, Inc.*, 44 P.3d 929, 937 (Wash. Ct. App. 2002) (citing *Yakima Cty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 858 P.2d 245, 255 (Wash. 1993)). Normally, the question of mutual assent is a question of fact for the jury. *Sea-Van Invs. Assocs. v. Hamilton*, 881 P.2d 1035, 1039 (Wash. 1994) (citing *Multicare Med. Ctr. v. Dep't of Soc. & Health Servs.*, 790 P.2d 124, 132 n.24 (Wash. 1990) (en banc) (*superseded on other grounds by Neah Bay Chamber of Commerce v. Dep't of Fisheries*, 832 P.2d 1310 (Wash. 1992) (en banc)). A question of fact may be determined as a matter of law where reasonable minds could reach but one conclusion. *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004) (citations omitted).

Here, there is a dispute of material fact as to whether the parties mutually assented to the Master Agreement or Purchase Order. The amended complaint adds to the uncertainty because it

---

[3] Ground Support also argues in its motion that the negligence claim also fails because Ground Support owed no duty to Plaintiff's insured Rushforth. (Dkt. No. 57 at 6–8.) However, the Court declines to address this argument due to the factual disputes that remain on when the negligence action accrued. Additionally, Ground Support argues for the first time in its reply that equity requires that Plaintiff's subrogation negligence claim be dismissed. (Dkt. No. 66 at 8–11.) Plaintiff's request that this argument be struck due to a lack of opportunity to respond (Dkt. No. 71 at 4) is granted.

ORDER DENYING GROUND SUPPORT'S
MOTION FOR SUMMARY JUDGMENT
PAGE - 7

1 simultaneously states the August 2011 proposal "was subject to a Master Agreement" (Dkt. No. 54 at ¶ 9.2) and the "Master Agreement and Purchase Order further required that Ground Support indemnify Malcolm . . . against all liability, loss and damage . . . sustained by reason of Ground Support's work." (*Id.*)

As to the Master Agreement, Ground Support alleges that the parties had been operating under the Master Agreement since 1999 and that it governs this dispute. (Dkt. No. 67 at 3.) However, there is no evidence that Malcolm received a Master Agreement in this instance or that one was signed by Malcolm in this instance. Further, there is no evidence of industry custom or usage that would indicate mutual assent to the Master Agreement. *See Indus. Elec.-Seattle, Inc. v. Bosko*, 410 P.2d 10, 19 (Wash. 1966). As to the Purchase Order, Plaintiff alleges that the check sent to and cashed by Ground Support references the Purchase Order number (*see* Dkt. No. 65 at 6), but Ground Support alleges that it never received the Purchase Order. (Dkt. No. 58 at 2.) The reasonableness of these allegations is not for the Court to decide and "missing facts" will not be "presumed." *See Lujan*, 497 U.S. 888–89. Therefore, Ground Support's motion for summary judgment on the indemnification claim is DENIED.

## III.    CONCLUSION

For the foregoing reasons, Ground Support's motion for summary judgment (Dkt. No. 57) is DENIED.

DATED this 4th day of October 2016.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE